By the Court, Bronson, J.
The commissioners of highways of every town may cause a sum, not exceeding two hundred and fifty dollars in any one year, to be raised for the improvement of roads and bridges. (1 JR. S. 502, § 4.) Subsequent enactments authorize the sum. to be increased to seven hundred and fifty dollai-s, by a vote at the town meeting upon a previous notice given for that purpose. (Stat. 1832, p. 480; and St at. 1838, p. 314.) There is a special law for tire town of Granville, which authorizes the commissioners, on a prior notice, to apply in open town meeting for a vote to raise such additional sum as may be necessary to defray the expense of building, repairing or improving bridges; but the whole sum to be raised in any one year cannot exceed twelve hundred and fifty dollars. (Stat. 1836, eh. 73.) The commissioners are not *465 bound to build or repair either roads or bridges until the necessary funds- or means are provided. (The People v. Adsit, 2 Hill, 619; and, see Adsit v. Brady, 4 id. 631.) I find nothing in the statute to warrant the commissioners in borrowing money for the repair of roads or bridges; and I think they cannot in that way contract a debt against the town. When they want any thing more than the sum of two hundred and fifty dollars, the law has referred them to the electors assembled in town meeting. If they can contract a debt which will be obligatory upon the town—or, what amounts to the same thing, upon their successors in office—the statute comes to nothing. The town may be compelled to pay, although the electors never voted to raise the money: and more—although they refused to raise it. This town voted five hundred dollars in 1839, and thus disposed of the question for that year. And yet the commissioners, without any vote, borrowed the further sum of one thousand dollars ; which is double the sum which the electors could have voted in addition to the five hundred dollars, if the question had been, as it should be, referred to their decision. But whatever may be the amount, it will not do to say that the commissioners can take the matter out of the hands of the electors by borrowing money on the credit of the town.
The board of town auditors did no more than to pass the account in which the commissioners had charged themselves with a part of the funds received from Frank. Beyond auditing the account, they had no power to bind the town. (1 R. S. 355, Art. 5.)' This audit was read at the town meeting in 1840, and no objection was made. But that does not make a case for implying a promise. And besides, when a direct proposition was submitted at the same meeting to raise the money, it was opposed and rejected, on the ground that the commissioners had exceeded their authority. This does not look much like a ratification.
It may be that the town ought in equity to raise and pay this money; but it is impossible to say that there is a legal obligation to do it.
Motion denied.